1  Nossaman LLP
   Brendan F. Macaulay (SBN 162313)
2  bmacaulay@nossaman.com
   James H. Vorhis (SBN 245034)
3  jvorhis@nossaman.com
   50 California Street, 34th Floor
4  San Francisco, CA 94111
   Telephone: 415.398.3600
5  Facsimile:   415.398.2438

6  Attorneys for Defendant
   IRON MOUNTAIN INFORMATION
7  MANAGEMENT, LLC. and
   STEVE NOTTINGHAM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSI CONSULTING SERVICES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, a corporation; DAVID KUMAR aka DAVE KUMAR, an individual; IRON MOUNTAIN INFORMATION MANAGEMENT, INC., a corporation; STEVE NOTTINGHAM, and individual; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No:   2:13CV7746 GW MANx<br><br>DEFENDANT IRON MOUNTAIN INFORMATION MANAGEMENT, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND FOR SANCTIONS<br><br>Date:     December 9, 2013<br>Time:    8:30 a.m.<br>Judge:   The Honorable George H. Wu<br>Dept.:    10<br>Location:   312 N Spring Street<br>            Los Angeles, CA  90012<br><br>Action Filed: September 11, 2013<br>Removed:    October 18, 2013<br>Trial Date: Not Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant Iron Mountain Information Management, LLC ("Iron Mountain") respectfully submits this opposition to the Motion to Remand and request for sanctions filed by Plaintiff RSI Consulting Services, Inc. ("Plaintiff") on the following grounds:

1.     The Motion is premised on the erroneous notion that Plaintiff had served Defendant Steve Nottingham ("Nottingham") before October 18, when this action was removed.  However, Plaintiff's proof of service shows substitute service being completed on October 21, *at the earliest.*   At the time of removal, no local defendant had been served, enabling removal under 28 USC § 1441(a).

2.     Whether Nottingham was fraudulently joined makes no difference because substitute service was not completed by the date of removal.  And as the Court should conclude from Defendants' Rule 12(b)(6) Motion, Plaintiff has no valid claims against Nottingham.  Indeed, Plaintiff did not even address fatal deficiencies identified in Iron Mountain's Motion to Dismiss the only two claims against Nottingham.

3.     The Notice of Removal is not defective because a removing party need not obtain the consent of parties who are not served by the date of removal.  Here, none of the four defendants had been served by the time Iron Mountain removed.  Iron Mountain expects that formal joinders from all served Defendants will be filed by the time of the hearing on the Motion.  In the 9th Circuit, joinders can be filed after removal and apply retroactively.

4.     Sanctions are unwarranted because removal was proper, the sanctions request is unsupported, and Plaintiff failed to meet and confer before filing the Motion.

## II.     STATEMENT OF FACTS

On <u>September 11, 2013</u>, Plaintiff filed this action against Defendant Iron Mountain, Nottingham, International Paper and David Kumar ("Kumar").

On <u>October 11, 2013</u>, a month later, Plaintiff purported to subserve Nottingham by leaving a copy of the summons and complaint with someone at his office

and mailing a copy to him. Docket #8-3, pp. 2-4. Plaintiff does not claim that the process server explained the contents of the documents to anyone, as required by Code of Civ. Proc. § 415.20(a) when attempting substitute service. Moreover, under that section, service would not be complete until 10 days later on October 21.

On <u>October 18, 2013</u>, Iron Mountain removed this action.

On <u>October 25, 2013</u>, Iron Mountain and Nottingham filed their Rule 12(b)(6) Motion to Dismiss, now set for hearing on December 9, 2013.

On <u>November 1, 2013</u>, Plaintiff filed its Motion to Remand – two hours after leaving his only message expressing a desire to seek remand. The parties never met and conferred. Declaration of Jim Vorhis, ¶ 2.

On <u>November 6, 2013</u>, Plaintiff's counsel indicated that it had just served International Paper with the summons and complaint – eight weeks after filing the complaint – but that it still had not served Defendant Kumar. Declaration of Brendan Macaulay, ¶ 4.

### III.   ARGUMENT

**A.   <u>At the Time of Removal, Complete Diversity Existed Between Plaintiff Because No Local Defendant Had Been Named *and Served*</u>.**

Federal district courts have original jurisdiction over cases between citizens of different states. 28 U.S.C. § 1332(a). A defendant to such an action filed in state court may have the action removed to federal district court provided that "none of the parties in interest properly joined <u>and served</u> as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Conversely, "a resident defendant who has not been served may be ignored in determining removability." 14A C. Wright, et al., *Federal Practice and Procedure* § 3723 (2d ed. 1985).

Plaintiff agrees that the local defendant must be named and served to prevent removal based on diversity. Docket #8, p. 7:13-20. However, Plaintiff mistakenly claims that "removal is not proper because Defendant, Steve Nottingham was properly named and served as a defendant to this action three days prior to IM filing its notice of

removal."[1]  Docket #8, p. 7:21-24.  Plaintiff is wrong.  The proof of service filed by Plaintiff reflects that *substitute* service was attempted on October 11, 2013 by leaving a copy at a building where Nottingham worked and by mailing a copy to him.  Docket 8-3, p. 2, Box 5(b).  Under California law, service on Nottingham was not completed until October 21 – 10 days after the summons and complaint is left/mailed to the Defendant. Code of Civ. Proc. § 415.20(a) ("Service of a summons in this manner is deemed complete on the 10th day after the mailing.").

Removal before completing substitute service was upheld in a very similar situation in *Cucci v. Edwards*, 510 F. Supp. 2d 479 (C.D.Cal. 2007).  There, the plaintiff attempted substitute service by mailing the summons and complaint on May 9, 2007 to the agent (Skaist) for a local defendant (Powerwave).  Another defendant removed on May 10.  The Court held:

> Plaintiff's own papers show that he did not personally serve Skaist on May 7, 2007.  Thus, service upon Powerwave could not have been effective on that date.  Rather, Plaintiff attempted substituted service by leaving the summons and complaint with Skaist's assistant.  Substituted service, however, is not deemed complete until 10 days after the plaintiff mails a copy of the summons and complaint to the defendant's authorized agent. Cal. Civ. Proc. Code § 415.20(a); [citations].  Since the summons and complaint were mailed to Powerwave's authorized agent on May 9, 2007, service could not have been complete on Powerwave until May 19, 2007, after Defendant Artusi filed for removal.  Thus, the § 1441(b) prohibition against removal did not apply, and Defendant's removal was proper.

*Cucci, supra*, 510 F. Supp. 2d at 482-483.

---

[1] Nottingham was not served on October 15, three days before Iron Mountain removed on October 18.  October 15 is simply when Plaintiff filed a proof of service of the Summons and Complaint in the Superior Court.  Docket 8-3, p. 2.  That date is irrelevant to any removal analysis.

The same situation occurred here.  Plaintiff attempted substitute service on Nottingham on October 11.  Defendant Iron Mountain removed the case on October 18, before the substitute service on Nottingham could be completed on October 21.  Thus, even if substitute service were properly initiated on October 11 (which Iron Mountain denies as described below), complete diversity existed when the case was removed on October 18.

Plaintiff also incorrectly states that substitute service was performed on October 11.  But that service was flawed because Plaintiff's proof of service does not indicate that anyone was informed of the contents of the envelope, as required by Code of Civ. Proc. § 415.20(a) ("[w]hen service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, *who shall be informed of the contents thereof*."); Docket # 8-3, pp. 2-4.  Rather, the summons and complaint were simply dropped off at Nottingham's place of business in a sealed envelope without explanation or description of the contents.  Plaintiff's proof of service does not prove that substitute service was properly accomplished on October 11, October 21 or ever.  Plaintiff's failure to properly sub-serve Nottingham is an independent reason why no local defendant had been "named and served" as of the date of removal.

**B.    Nottingham's Citizenship May Also Be Disregarded Upon Removal Because He Was Fraudulently Joined.**

In the Notice of Removal, Iron Mountain noted that Nottingham was "fraudulently joined."  Docket #1, p. 2:22.  The rationale therefor is set forth in the Motion to Dismiss to be heard simultaneously herewith.  Those reasons include:

(1) the fraud/negligent misrepresentation claims are woefully short of the specificity required under Rule 9, and include vague allegations that Defendants made misrepresentations "in or about October 2011 through March 2013."

(2) Plaintiff did not oppose the Motion to Dismiss the fraud/negligent misrepresentation claims (the only two claims against Nottingham) on the grounds that Plaintiff failed to allege reliance on the claimed misrepresentations.

(3) Plaintiff did not oppose the Motion to Dismiss the negligent misrepresentation claim against Nottingham on the grounds that it is essentially a "negligent false promise" claim that does not exist in California;

(3) Plaintiff never alleges that Nottingham ever promised that he or Iron Mountain (his employer) would pay Plaintiff anything, that Nottingham received any money, that Nottingham negotiated any of the contracts between Iron Mountain and International Paper involving commissions for Plaintiff, or was involved in any decision by anyone to stop paying commissions to Plaintiff.

Iron Mountain will not rehash all of the arguments in the Motion to Dismiss, except to say that Iron Mountain believes the Court will agree that Plaintiff has alleged no valid cause of action against Nottingham. Naturally, Plaintiff disagrees that Nottingham was fraudulently joined because the citizenship of a local defendant can be disregarded if that local defendant was fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("one exception to the requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined."). Of course, fraudulent joinder of Nottingham is just one basis for concluding that removal was proper. Because Nottingham was not served by the date of removal, the Court need not find that Nottingham was fraudulently joined in order to uphold removal.

## C. Defendant's Removal Is Not Rendered Ineffective Because Unserved Defendants Had Not Consented to Removal.

Plaintiff argues that the "Notice of Removal is defective under 28 U.S.C.A. § 1446 because named Defendants, International Paper Company, David Kumar and Steve Nottingham, have not joined or consented to removal." Docket #8, p. 3:7-9. This argument is flawed and was rejected by the Court in *Cucci v. Edwards*:

> Plaintiff also argues that removal is precluded because "all defendants must join in removal and the failure of one defendant to join in the notice precludes removal." … However, the Ninth Circuit has interpreted this "rule" of joinder to not apply when the defendants who do not join in the

removal have not been served in the state action.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined.").  Because Powerwave was not properly served by the date of removal, and service to the other Defendants was only mailed on May 29, 2007, the non-joinder of the other Defendants in the removal notice is irrelevant.  Furthermore, even if a served defendant does not properly join in the notice of removal, such a defect can be remedied if the defendant later consents to the removal.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).

*Cucci, supra*, 510 F. Supp. 2d at 482-483.  This rule is consistent with 28 U.S.C. § 1446(a), which provides, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined <u>and served</u> must join in or consent to the removal of the action."  *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties.  This general rule applies, however, only to defendants properly joined and served in the action.").  Section 1446(a) focuses on defendants who have been named <u>and served</u>.  The removing party need not predict or explain the position of unserved defendants.

      Plaintiff claims that *Prize Fize v. Matrix (US) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999) holds that a removing defendant must tell the Court whether all served and unserved co-defendants consent to removal.  Docket #8, p. 8-10.  *Prize Frize* does not so hold.  There, a notice of removal was inadequate when it vaguely stated that "many" of the defendants had not been properly served.  This language suggested that *some* defendants had been served, but did not explain their position.  This case is different.  Here, there are only four defendants.  <u>None</u> of them had been served by the time Iron Mountain removed the action, as Iron Mountain clearly stated in its Notice of Removal:

      3.    Plaintiff has not effected service on any defendant.  …

> 5. Defendant files this Notice as the only named defendant that has been served or appeared in this action. To the best of Defendant's knowledge, Plaintiff has not amended and served any of the fictitiously named Doe defendants, or effected service on any other party.

Docket #1, p. 2:20, 3:9-12. Iron Mountain did more than necessary by trying to reach unserved defendant, International Paper. The Notice of Removal stated:

> 6. Counsel for Defendant has attempted to contact Defendant International Paper to determine whether it will consent to or join in the removal of this matter. International Paper has not yet appeared in the matter. Despite several attempts to communicate with International Paper, Defendant's counsel has been unable to connect with International Paper to determine whether it would consent to removal. Accordingly, Defendant is unable at this time to represent to the Court that International Paper consents to the removal of this matter. [2]

Docket #1, p. 3:13-19. Iron Mountain did everything it was required to do.[3]

Finally, Iron Mountain's counsel believes that all defendants will file a consent to removal of this action before the hearing on this Motion for Remand. This consent will retroactively remedy any claimed defect in Iron Mountain's Notice of Removal. *Cucci, supra*, 510 F. Supp. 2d at 482-483.

---

[2] Curiously, despite this explanation about co-defendant International Paper, Plaintiff argues in its Motion for Remand, "IM mentioned nothing about whether the other named codefendants consented to removal." Docket #8, p. 10:7-8.

[3] Indeed, Iron Mountain was far more diligent than Plaintiff. Plaintiff filed this case on September 11, but had not served Iron Mountain by the time it removed the action five weeks later on October 18. Plaintiff reportedly served International Paper on November 5 – eight weeks after filing the Complaint. Plaintiff still has not yet served Defendant Kumar. Macaulay Decl., ¶ 4.

282828_1.doc     7     Case No.: 2:13CV7746 GW MANx
DEFENDANT IRON MOUNTAIN INFORMATION MANAGEMENT, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR SANCTIONS

### D. Sanctions Are Not Warranted Here Because Removal was Proper and the Sanctions Request is Unsupported.

Plaintiff's counsel seeks $3,200 in attorneys' fees as sanctions because the "Court may award such fees under §1447(c) where the moving party lacks an objectively reasonable basis for seeking removal." Docket #8, p. 10:20-21. This request should be denied for three reasons:

First, as set forth above, Iron Mountain properly removed this case. But even if the Court remands, Iron Mountain had an objectively reasonable basis for seeking removal.

Second, Plaintiff's claim for attorneys fees is unsupported under the authority Plaintiff cites. 28 U.S.C. § 1447(c) provides that the Court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Plaintiff's counsel acknowledges that Plaintiff does not pay him hourly, but instead a contingency fee. Docket # 8, p. 10:23-25. Although Plaintiff has not "incurred" any fees, Plaintiff argues that contingent fee lawyers can be paid sanctions under *Gorto v. R&B Reality*, 69 F.3d 1485, 1488 (9th Cir. 1995). However, the plaintiff in Gorto demonstrated that the fees were "incurred" by filing a copy of the contingency fee agreement that provided:

> Statutory Fees and Sanctions: I understand that all attorney fees that may be recovered from defendants, by settlement or litigation, pursuant to any law . . . shall belong to the attorney. I understand that any sanctions awarded by the court to client and or his attorney in this matter shall belong to the Attorney in return for his efforts related to the hearing or motion which such sanctions are awarded.

*Gorto,* 69 F.3d at 1487. Plaintiff has attempted no such showing that Plaintiff "incurred" any fees within the meaning of Section 1447(c).

Third, Plaintiff failed to meet and confer before filing this Motion. The first communication from Plaintiff's counsel occurred on November 1 at 1:57 p.m. – under

two hours before Plaintiff filed its Motion to Remand at 3:47 p.m.  Iron Mountain's counsel never received any communication of any kind before that message, notwithstanding Plaintiff's counsel's claim that "On Tuesday October 29, 2013, I called defense attorney James Vorhis and left a detailed message concerning my motion to remand the case back to the state court."  Vorhis Decl., ¶ 2.  Calling opposing counsel two hours before filing a motion does not qualify as a meet and confer.

## IV.   CONCLUSION

For the reasons expressed hereinabove, removal was proper and the motion for remand should be denied along with the request for sanctions.

Dated:  November 18, 2013          NOSSAMAN LLP


By: */s/ Brendan F. Macaulay*
    Brendan F. Macaulay
Attorneys for Defendants Iron Mountain Information Management, LLC and Steve Nottingham